UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEBRA A. DYE, | ) | Case No.: 1:19 CV 2670 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

The Commissioner of Social Security Administration ("Commissioner") denied disability benefits to Plaintiff Debra A. Dye ("Plaintiff" or "Dye") in the above-captioned case. Plaintiff then sought judicial review of the Commissioner's decision, and this court referred the case to Magistrate Judge Thomas M. Parker ("Magistrate Judge" or "Judge Parker") for preparation of a Report and Recommendation (the "R & R"). Both parties submitted briefs on the merits. (ECF Nos. 11, 13, 14.) Plaintiff requests an order vacating the Commissioner's decision and remanding the case on the grounds that the Administrative Law Judge ("ALJ") erred in two ways: (1) failing to properly evaluate the medical opinion of the treating physician, and (2) failing to account for the impact of her headaches and agoraphobia on her ability to sustain regular work. (Pl.'s Br., ECF No. 11.) The Commissioner sought final judgment upholding the decision below. (Def.'s Br., ECF No. 13.)

Judge Parker submitted a R & R (ECF No. 15) on September 25, 2020, recommending that the court vacate the Commissioner's final decision and remand for further proceedings. First, the Magistrate Judge found that the ALJ "failed to comply with the treating physician rule in discounting [the treating physician's] opinion." (*Id.* at PageID #2251.) The R & R explains that "because [the ALJ] assigned less than controlling weight to [the treating physician's] opinions, [she] was required to explain the weight she *did* assign and provide good reasons for that weight." (*Id.* at PageID #2248.) Further, the R&R notes that because the ALJ never mentioned any of the factors required by 20 C.F.R. §§ 416.927(c) in her analysis, there is no way to know if she considered these factors when she discounted the treating physician's opinion. As a result, the ALJ's evaluation of the treating physician's opinion did not comply with the agency's treating physician rule.

Second, Judge Parker found that the ALJ did not properly evaluate the treating physician's opinion in determining Dye's Residual Functional Capacity ("RFC"). (R & R at PageID #2252–2253, ECF No. 15.) The R&R explains that "[a]t Step Four of the sequential analysis, the ALJ must determine a claimant's RFC by considering all relevant medical and other evidence." (*Id.* at PageID #2251.) The main cause of Dye's physical limitations was her Chiari malformation.[1] After considering Dye's headaches and agoraphobia diagnosis, the ALJ found that "the limitations caused by these conditions were much less severe than alleged by Dye." (*Id.* at PageID #2252.) However, as the treating physician stated, the "limitations caused by Dye's Chiari malformation symptoms were much greater than those assessed by the ALJ." (*Id.*) While the ALJ

---

[1] As Judge Parker explained, "Chiari malformation is a condition in which brain tissue extends into the spinal cord because an abnormally small or misshapen skull is pressing on the brain, forcing it downward." (R & R at PageID #2234 n.3, ECF No. 15.)

was not required to adopt the treating physician's opinion in its entirety, she was required to provide good reasons for assigning less than controlling weight to those opinions. Consequently, Judge Parker found that the ALJ did not properly evaluate the treating physician's opinion. (*Id*.) The R&R therefore recommends vacating the Commissioner's final decision and remanding for the ALJ to "reassess Dye's RFC after properly evaluating the opinion of the treating physician." (*Id.* at PageID #2253.)

Objections to the R & R were due by October 9, 2020, but neither party submitted any. Accordingly, this matter is ripe for review.

The court finds, after careful *de novo* review of the R & R and all other relevant documents in the record, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own Judge Parker's Report and Recommendation (ECF No. 15). The court hereby vacates the Commissioner's decision and remands the case for further proceedings consistent with this opinion.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

October 30, 2020